IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

v.                                                                 No. 22-cv-0648 JCH-JMR

S. HAMPTON, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Plaintiff Donald Thomas Sharp's Criminal Complaint (Doc. 1). Also before the Court are his various motions seeking mandamus relief, to take action against the Public Defender, to amend, to enter evidence, to add defendants, and for an injunction. *See* Docs. 2, 3, 8, 9, 10, 12, and 13. Sharp was incarcerated when this case was filed and is proceeding *pro se*. *See* Doc. 1 at 17. In the Criminal Complaint, Sharp purports to bring charges against a prison doctor, the United States Marshal's Service, and the United States. *See* Doc. 1 at 1. The Clerk's Office opened the case under the general code for prisoner civil rights cases. Sharp then alleged the Clerk "usurp[ed] the law" by not opening this as a criminal case. *See* Doc. 2 at 1-2. Sharp maintains this is "not a civil complaint;" he "does not have to pay filing fees to bring forth criminal charges[;]" and that the Court "should NOT say Sharp must submit an *in forma pauperis* application." *Id.* at 2 (emphasis in original).

    Sharp may wish to assert criminal claims, rather than civil claims, based on the requirements of 28 U.S.C. § 1915(g). That section requires prisoner-plaintiffs to prepay the $402 civil filing fee if the Court dismissed three or more prior complaints as "frivolous, malicious, or [for] fail[ure] to state a [cognizable] claim, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g). Sharp was incarcerated at the time of filing, and he previously filed at least three prisoner complaints that were dismissed as frivolous and/or for failure to state a cognizable claim. *See Sharp v. State of New Mexico,* 21-cv-700 WJ-SMV; *Sharp v. American Bar Association*, 21-cv-840 KWR-KK; and *Sharp v. NASA,* 21-cv-826 MV-GJF. He also filed over 40 cases in this district since 2021, and he "has refused to pay the filing fee in any of his civil cases." *Sharp v. Gonzales*, 2022 WL 704162, at *2 (D.N.M. Mar. 9, 2022). *See also Sharp v. New Mexico,* 2022 WL 3101069, at *1 (D.N.M. Aug. 4, 2022) (noting Sharp has filed at least 41 cases).

Sharp may limit the scope of this case to "criminal charges." However, no relief is available on that basis. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). *See also Kelly v. Rockefeller,* 69 Fed. App'x 414, 415 (10th Cir. 2003) ("criminal statutes do not provide for private civil causes of action"). The Court therefore construes the Criminal Complaint (Doc. 1) to only seek criminal liability but will dismiss that pleading with prejudice. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (Courts may *sua sponte* dismiss an action where "it is patently obvious that the [movant] could not prevail on the facts alleged, and allowing [the movant] an opportunity to amend … would be futile."). To the extent Sharp seeks a writ of mandamus granting relief on the merits or transferring this matter to a military tribunal, such requests are similarly denied as frivolous. *See* Docs. 2, 10.

The Court will also deny as moot all pending motions to amend the Criminal Complaint; for action against the Public Defender; to add defendants; to enter evidence and plea for relief; and for injunctive relief to seize assets. *See* Docs. 3, 8, 9, 12, and 13. To the extent Sharp seeks

2

additional civil or mandamus relief in any motions/supplemental filings, he must file a separate case and address the filing fee requirements.  *See* 28 U.S.C. § 1915(a) (parties must either prepay the filing fee or obtain leave to proceed *in forma pauperis* in all civil actions); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (noting "petitions for a writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915").  Filing a separate civil/mandamus action is still possible under Sharp's current filing restrictions, which limit him to one new case per month. *See Sharp v. New Mexico*, 2021 WL 4820736, at *1 (D.N.M. Oct. 15, 2021).

**IT IS ORDERED** that Plaintiff Donald Thomas Sharp's Criminal Complaint (**Doc. 1**) is **DISMISSED with prejudice**; and the Court will enter a separate judgment disposing of this case.

**IT IS FURTHER ORDERED** that to the extent Sharp's Motions for Mandamus Relief (**Docs. 2, 10**) seek a writ of mandamus granting relief on the merits or transferring this matter to a military tribunal, such motions are **DENIED**; and all remaining motions/requests for relief (**Docs. 3, 8, 9, 12, and 13**) are **DENIED as moot**.

_____
SENIOR UNITED STATES DISTRICT JUDGE